UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ATHENA JOHNSON,

               Plaintiff,              **MEMORANDUM AND ORDER**
                                                                   24-CV-5645 (NRM) (LB)

          -against-

EAC NETWORK; NYC DRUG TREATMENT
COURT,

               Defendants.
-------------------------------------------------------------x
**NINA R. MORRISON**, United States District Judge:

      *Pro se* plaintiff Athena Johnson brings this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). Plaintiff names EAC Network, a social services agency,[1] and NYC Drug Treatment Court as defendants. (ECF No. 1, "Compl."). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 2).

      For the reasons stated below, the Complaint is dismissed. However, Plaintiff is granted until forty-five days from the date of this Order to file an Amended Complaint.

## BACKGROUND

      Plaintiff submits an employment discrimination form Complaint, alleging that she suffers from depression, anxiety, PTSD, and borderline personality disorder, and claims that her employer failed to accommodate her disability and retaliated against her from May 2022 to July 2023. Compl. at 4, 5. According to Plaintiff, her "employer failed to adequately accommodate my disability [and] failed to address the discrimination & bullying that I was facing with the NYS

---

[1] *See* https://eac-network.org/

Drug treatment court employee." *Id*. at 5. Plaintiff attaches two separate right-to-sue letters from the Equal Opportunity Commission ("EEOC"), referencing separate charge numbers. *Id*. at 8, 9.

## STANDARD OF REVIEW

The district court must dismiss an *in forma pauperis* complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted). A *pro se* plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

## DISCUSSION

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In order to plead a Title VII claim, Plaintiff is required to plausibly allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free Sch. Dist.*,

801 F.3d 72, 84–85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). Here, even under the most liberal reading, the Complaint fails to state a *prima facie* case of discrimination because it does not provide facts that connect any adverse employment action to a protected status.

To establish a *prima facie* case of discrimination under the Americans with Disabilities Act, a plaintiff must show that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (citation and internal quotation marks omitted); *see also Adams v. Festival Fun Parks*, LLC, 560 Fed. Appx. 47, 48–49 (2d Cir. 2014) (quoting *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013)) (outlining requirements for *prima facie* case under the ADA).

The Complaint only summarily alleges that Plaintiff was injured by her employer's failure to accommodate her disability and to generally address discrimination she faced while at work. But those allegations are simply conclusions, and the Complaint contains no facts to support those conclusions. For example, the Complaint does not explain the manner in which Plaintiff's employer failed to accommodate her disability. The Complaint also does not include factual allegations to establish each element of an ADA claim, like allegations that would establish that Plaintiff's employer is covered by the ADA or that the condition Plaintiff suffers from (which is also not described in the Complaint) is a disability within the meaning of the ADA. And, importantly, the Complaint fails to allege directly, or indirectly, that the "employer took adverse action against [Plaintiff] at least in part for a discriminatory reason" and not for a non-

discriminatory, legitimate reason. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015); *See Littlejohn v. City of NY*, 795 F.3d. 297, 311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation.").

## LEAVE TO AMEND

In light of Plaintiff's *pro se* status, she is granted forty-five days from the date of this Order to file an Amended Complaint. Plaintiff's Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates, and include a short, plain statement of facts sufficient to support a plausible claim that her former employer discriminated against her in violation of Title VII and the ADA. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). If available, Plaintiff should attach to her Amended Complaint the charge(s) of discrimination that she filed with the EEOC. Plaintiff should also identify her employer as she lists two separate entities.

Plaintiff is advised that an Amended Complaint does not simply add to the first complaint. Once an Amended Complaint is filed, it completely replaces the original. Therefore, it is important that Plaintiff include in the Amended Complaint all the necessary information that was contained in the original Complaint, as well as additional facts in support of her claims as described above. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order: 24-CV-5645 (NRM) (LB).

## CONCLUSION

Accordingly, the Complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff is granted until forty-five days from the date of this Order to file an Amended Complaint as discussed above.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance in preparing her amended complaint.

The Clerk of Court is directed to forward an employment discrimination form Complaint to the plaintiff, along with this Order, and to note the mailing on the docket.

No summons shall issue at this time and all further proceedings shall be stayed.  If Plaintiff fails to file an Amended Complaint within the time allowed or show good cause why she cannot comply, judgment shall enter and the case shall be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

 /s/NRM
NINA R. MORRISON
United States District Judge

Dated:  October 28, 2024
         Brooklyn, New York